UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>**SPARTY TACOS, LLC**;<br>a Michigan corporation;<br>**TC TACOS, LLC**, a Michigan corporation;<br>**GR TACOS, LLC,** a Michigan corporation; and,<br>**JACOB HAWLEY,** an individual,<br><br>      Defendants. | Civil Action No.: 1:23-cv-948 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "the Act"), Plaintiff, **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants **SPARTY TACOS, LLC**, a Michigan corporation; **TC TACOS, LLC**, a Michigan corporation; **GR TACOS, LLC**, a Michigan corporation; and, **JACOB HAWLEY**, an individual (collectively, "Defendants") from violating Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unlawfully kept tips and unpaid minimum wages and overtime wages, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act for Defendants' employees.

Defendant Hawley owns and controls three Mexican restaurants throughout west and mid-Michigan—Sparty Tacos, LLC; TC Tacos, LLC; and GR Tacos, LLC—and he operates each under the name "Barrio Tacos." For at least two years, Defendant Hawley and his restaurants

1

maintained an unlawful tip pooling scheme, in which they would take tips from servers and bartenders and redistribute those tips to kitchen staff, in violation of the FLSA's requirements. The Act prohibits requiring employees who customarily and regularly receive tips (like servers) to turn over those tips to other employees who do not ordinarily receive tips. 29 U.S.C. § 203(m)(2)(B); *see also* 29 C.F.R. § 531.50. In violating the ban on unlawful tip sharing, Defendants deprived their employees of lawfully earned tips, while also failing to pay their workers minimum wages and proper overtime wages. Defendants also failed to keep proper records of their employee compensation.

Thus, the Secretary now seeks to hold Defendants liable for their violations of the FLSA and to recover unlawfully kept tips, unpaid minimum wages, and unpaid overtime compensation, plus an equal amount in liquidated damages for Defendants' workers. The Secretary also seeks a permanent injunction against Defendants prohibiting them from further violations of the FLSA.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## The Parties

3. Plaintiff **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and to recover withheld tips, back wages, and liquidated damages, and is the proper plaintiff for this action.

4. Defendant Sparty Tacos, LLC ("Sparty Tacos") is a Michigan corporation within this Court's jurisdiction with a restaurant location at 202 Albert St., East Lansing, Michigan

48823 in Ingham County, Michigan, where it engaged in operating a restaurant and related types of activities. Sparty Tacos conducts business as Barrio Tacos.

5. Defendant TC Tacos, LLC ("TC Tacos") is a Michigan corporation within this Court's jurisdiction with a restaurant location at 305 W. Front St., Traverse City, Michigan 49684 in Grand Traverse County, Michigan, where it engaged in operating a restaurant and related types of activities. TC Tacos also conducts business as Barrio Tacos.

6. Defendant GR Tacos, LLC ("GR Tacos") is a Michigan corporation within this Court's jurisdiction with a restaurant location at 37 Ottawa Ave NW Grand Rapids, MI 49503 in Kent County, Michigan, where it engaged in operating a restaurant and related types of activities. GR Tacos also conducts business as Barrio Tacos.

7. Defendant Jacob Hawley is an individual and owner of Sparty Tacos, TC Tacos, and GR Tacos (collectively, "**BARRIO TACOS**"). He actively manages and controls the daily operations and the employees working at **BARRIO TACOS**. Among other things, Defendant Hawley instituted policies at **BARRIO TACOS** regarding pay practices, made management decisions regarding pay and tip pooling, and has the authority to hire and fire employees of **BARRIO TACOS**.

8. At all times relevant, Defendant Jacob Hawley is and was engaged in business within this judicial district, acting directly or indirectly in the interest of **BARRIO TACOS** with respect to **BARRIO TACOS'** employees, and is therefore an "employer" under the Act. 29 U.S.C. § 203(d).

**The Act Applies to Defendants**

9.  At all relevant times**, BARRIO TACOS** is and was an "enterprise" under the Act due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

10.  **BARRIO TACOS** is an "enterprise engaged in commerce" under the Act because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

11.  The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from October 11, 2020, through October 10, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

12.  Defendants violated Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA when they unlawfully kept a portion of employees' tips, failed to pay their employees at least $7.25 per hour, failed to pay all overtime compensation due to employees, and failed to keep records as required by the Act.

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

### *Defendants Kept Employees' Tips in Violation of Section 203(m)(2)(B) of the FLSA*

13. Section 203(m) requires that all tips received by tipped employees must be retained by them except for a tip pooling arrangement limited to employees who "customarily and regularly receive tips" 29 U.S.C. §§ 203(m)(2)(B); *see also* 29 C.F.R. §§ 531.54(c); 531.59(b).

14. Defendant Jacob Hawley implemented and enforced an invalid tip pool at each location of **BARRIO TACOS**. He required all tipped employees, as defined in Section 3(t) of the Act, to relinquish a percentage of cash and credit card tips from each shift to managers, who would then distribute the pooled tips among employees of **BARRIO TACOS**, including non-tipped employees working in the kitchen, in contravention of Section 203(m) of the Act.

15. Defendants improperly kept employees' tips by taking tips from tipped employees and unlawfully redistributing them to nontipped employees.

16. Therefore, Defendants' tipped employees are entitled to recover the money they were forced to contribute to the invalid tip pool. 29 U.S.C. § 203(m)(2)(b). An employer who violates section 203(m)(2)(B) is liable for the amount the tip credit taken by the employer and all unlawfully kept tips, as well as an equal amount of liquidated damages.

### *Defendants Failed to Pay Employees the FLSA Minimum Wage*

17. Defendants violated the provisions of Sections 206 and 215(a)(2) of the Act by failing to pay at all three restaurants, as set forth in Paragraphs 13 to 15 above, the required minimum wage under the Act.

18. Because the tip pool violated the Act, Defendants were not permitted to take a tip credit toward their FLSA minimum wage obligations. As a result, Defendants failed to pay tipped employees at all three restaurants the minimum wage required by Section 206 of the Act.

*Defendants Failed to Pay Employees the Required FLSA Overtime Premium*

19. Defendants violated the provisions of Sections 207 and 215(a)(2) of the Act by employing employees for workweeks longer than 40 hours without compensating said employees for hours worked in excess of forty in a workweek at rates not less than one and one-half times the regular rate at which they were employed.

20. The invalid tip credit caused Defendants to fail to pay tipped employees at all three restaurants their proper rates when calculating overtime compensation due under Section 207 of the Act.

21. Additionally, Defendants failed to include the tips that were wrongly diverted to kitchen staff as part of the regular rate for kitchen staff when calculating overtime premiums owed for weeks where such employees worked more than forty hours. As a result, Defendants failed to pay kitchen staff proper overtime compensation due under Section 207 of the Act.

*Defendants Failed to Maintain Records Required by the FLSA*

22. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA when they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516.

23. Specifically, Defendants failed to keep adequate and accurate records of the regular hourly pay, hours worked each workday and each workweek, total daily and weekly straight time earnings, and total premium pay for overtime for employees working as servers, bartenders, and kitchen staff.

**Remedies Sought**

24. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c) and 217.

25. If Defendants violated the FLSA either before or after the Investigation Period, then any such evidence of conditions of pay and employment related to those violations are incorporated herein by reference, and Defendants may owe additional back wages and liquidated damages to its employees.

26. Defendants may also owe additional back wages and liquidated damages to employees whose identities are presently unknown to the Secretary to properly compensate them for time worked.

**COUNT ONE**
**Violations of Section 203(m)(2)(B) of the FLSA—Employers Retaining Tips**

27. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

28. Since October 11, 2020, Defendants violated Section 203(m)(2)(B) of the FLSA by requiring tipped employees to participate in an invalid tip pool in which Defendants unlawfully kept tips for a purpose other than to distribute to employees who customarily and regularly receive tips within the meaning of Section 203(t) of the FLSA. Because Defendants unlawfully kept employees' tips, they violated Section 203(m)(2)(B) of the Act.

29. Therefore, Defendants are liable for the sum of any tip credit taken by the employer, all tips unlawfully kept from certain employees listed in the attached Exhibit A, and an equal amount of liquidated damages under Section 216(c) of the FLSA.

30. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of improperly kept tips found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

## COUNT TWO
### Violations of Sections 206 and 215(a)(2) of the FLSA—Failure to Pay Minimum Wage

31. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

32. Defendants have violated the provisions of Sections 206 and 215(a)(2) of the FLSA by paying tipped employees' wages at rates less than the applicable minimum wage under the FLSA.

33. Since October 11, 2020, Defendants violated the provisions of Sections 206 and 215(a)(2) by including kitchen staff employees in the tip pool when they are not customarily or regularly tipped employees, thereby invalidating the tip credit.

34. Therefore, Defendants are liable for minimum wage compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 216(c) of the FLSA.

35. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of minimum wages found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

## COUNT THREE
### Violations of Sections 207 and 215(a)(2) of the FLSA—Failure to Pay Overtime

36. The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

37.     Defendants violated the provisions of Section 207 and 215(a)(2) of the FLSA by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which those employees were employed for hours worked in excess of 40 hours in such workweeks.

38.     Therefore, Defendants are liable for overtime compensation owed to certain of the employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 216(c) of the FLSA.

39.     A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime wages found by the Court to be due to current and former employees under the Act is expressly authorized by Section 217 of the FLSA.

## COUNT FOUR
### Violations of Sections 211(c) and 215(a)(5) of the FLSA— Failure to Make and Keep Records

40.     The Secretary incorporates by reference and re-alleges all of the foregoing allegations of this Complaint.

41.     Defendants failed to keep true and accurate records of the wage paid to and hours worked by each of their non-exempt employees in violation of Section 211 of the FLSA and the regulations thereunder, specifically 29 C.F.R. § 516.

**Prayer for Relief**

As a result of Defendants' FLSA violations, the Secretary respectfully requests this Court enter judgment against Defendants as follows:

 A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

 B. Finding Defendants liable for tips taken, unpaid minimum wages, unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. §§ 203, 215(a)(2) and 216(c).

 C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, and awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

 D. Providing such other relief as may be necessary and appropriate.

 E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Dated: September 7, 2023

                                        Respectfully submitted,

                                        **SEEMA NANDA**
                                        Solicitor of Labor

                                        **CHRISTINE Z. HERI**
Office of the Solicitor                         Regional Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844          */s/ Haley R. Jenkins*
Chicago, IL 60604                       **HALEY R. JENKINS**
Tel.: (312) 353-1218                  Trial Attorney
      (312) 596-5437
Email: jenkins.haley.r@dol.gov        **AARON P. WENZLOFF**
       wenzloff.aaron.p@dol.gov      Trial Attorney (Admission Pending)

                                        *Attorneys for Plaintiff Julie A. Su,*
                                        *Acting Secretary of Labor,*
                                        *United States Department of Labor*

                                        */s/ Kalen H. Pruss*
                                        **KALEN H. PRUSS**
                                        Assistant United States Attorney
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404
                                        Kalen.Pruss@usdoj.gov

                                        *Local Counsel for Plaintiff*

**Exhibit A**

1. Anna Ackerman
2. Kirsten Adams
3. Adriana Alez-Broccardo
4. Brooke Alfaro
5. Maya Alfonso
6. David Alvarez-Montalvo
7. Tyler Arntz
8. Maurice Ash
9. Brooke Austin
10. Jacob Bader
11. Cora Ballou
12. Drew Bartlett
13. Paris Bedford
14. Hannah Beeler
15. Abigail Beeman
16. Zoe Bell
17. Eva Belmar
18. Kat Bembeneck
19. Macie Bixby
20. Pat Blommel
21. Rachel Bona
22. Juliana Bonnau
23. Arianna Bowman
24. Matthew Brandell
25. Grace Brandon
26. Payton Brazzil
27. Claire Brennan
28. Alex Brown
29. Lauren Camp
30. Brooklyn Carriveau
31. Rianna Castelow
32. Ella Cerny
33. Julie Cloutier
34. Michael Cole
35. Aaron Colvig
36. Devan Cone
37. Danyelle Connors
38. Ella Consiglio
39. Hunter Conz
40. Hannah Corwin
41. Patrick Cotter
42. Max Curtiss
43. Lily Deisig
44. Breanna Demaline
45. Erin Denby
46. Anthony DePemo
47. Amanda Destross
48. Will Diamond
49. Sierra Dietz
50. Travis Dixon
51. Morgan Dobbins
52. Skyelar Dodd
53. Caty Eader
54. Emily Eckhout
55. Chandler Edgett
56. Kaylee Eley
57. Sarah Elzinga
58. Lizzy Esteves
59. Kathleen Fallon
60. Hana Fawaz
61. Corina Fessler
62. Deena Firkell
63. Daniel Flores-Murga
64. Andrew Ford
65. Maddison Ford
66. Zach Fowler
67. Autumn Francis
68. Margaret Gavalis
69. Alec Gerstenberger
70. Katie Gervasi
71. Josie Gluesing
72. Melina Goodwin
73. Lily Gould
74. Jacob Graf
75. Madelyn Gray
76. Kayla Grech
77. Eli Gudeman
78. Ben Hamer
79. Twikia Harris
80. Gavin Heaney
81. Mallory Hendrix
82. Lauren Herbon

83. Anya Herrala
84. Madeline Hicks
85. Shaylyn Hinneburg
86. Austin Hollabaugh
87. Annabelle Honet
88. Devin Housier
89. Harper Housier
90. Ashley Hrdlicka
91. Brenna Hudgens
92. Hannah Hudgens
93. Jada Hudginsg
94. Anja Ignace
95. Samantha Ingleright
96. Tori Ingleright
97. Nick Jones
98. Anita Khanchaleunh
99. Yigit Kilic
100. Dennis Klauer
101. Brenden Klich
102. Selena Korzek
103. Katie Krell
104. Jordyn Kuchka
105. Jonathan Kurz
106. Elliot Lamie
107. Latisha Laster
108. Alana LaTour
109. Alexa Leedy
110. Annabella Leese
111. Linda Leone
112. Mackenzie Marshall
113. Hayden McNamara
114. Christine DeMarino
115. Andrew Metz
116. Ana Mitchell
117. Sydney Monsey
118. Gabrielle Morse
119. Gabrielle Nail
120. Kennedy Nester
121. Bailey Noble
122. Maria Parra Gamboa
123. Brenden Pierce
124. Anna Poertner
125. Emma Richter
126. Brenda Romero
127. Garett Roy
128. Sasha Schusterbrown
129. Zoie Shomin
130. Bekah Sian
131. Allison Smith
132. Alexa Speaks
133. Megan St. Germain
134. Grace Thomas
135. Ramiro Vega-Cruz
136. Hailey Venno
137. Brenda Vera Aguilar
138. Audrey Visser
139. Desiree Webb
140. Holly Wiles
141. Erica Williams
142. Zack Woloszyk
143. Marin Yarde
144. Bailey Kwashiewicz
145. Haley Larkin
146. Evelyn Larson
147. Hanora Lincoln
148. Josh Lucas
149. Jessica Lynch
150. Caitlyn Lyon
151. Amanda Maga
152. Katie Mazzullo
153. Abby McCarrick
154. Luke McManus
155. Brianna McNatt
156. Ally Melvin
157. Sarah Michelson
158. Olivia Neppel
159. Leslie Nguyen
160. Alexandre Plouff
161. Katherine Preikszas
162. Andrew Quist
163. George Reid
164. Jayla Rivers
165. Cole Smith
166. Sydney Smith
167. Emmary Stuligross
168. Demetrios Thompson

169. McKinley Thompson
170. Kara Thornton
171. Jonathan Warner
172. Hunter White
173. Harley Williams
174. McKenzie Wright
175. Lydia Zavinsky
176. Noah Zielinski
177. Madyson Ziomkowski